IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW ALEXANDER KING,    )
    )
    Plaintiff,    )
    )
v.    )    Case No. 21-cv-01699-DWD
    )
UNITED STATES OF AMERICA,    )
    )
    Defendant.    )

**MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

The defendant, United States of America, by its attorneys, Rachelle Aud Crowe, United States Attorney, and Laura J. Jones, Assistant United States Attorney, moves to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute as follows:

1.    Plaintiff, Matthew Alexander King, Reg. No. 17576-104, is a 25-year-old male, who was housed at the United States Penitentiary at Marion, Illinois, when he filed this action in the Circuit Court for the First Judicial Circuit (Williamson County) on October 28, 2021. *King v. Hill et al.*, No. 21-L-139. (Doc. 1-1, p. 2). Defendants removed the case to federal court on December 16, 2021. (Doc. 1).

2.    On April 11, 2022, the Court issued a screening order (Doc. 9), dismissing plaintiff's *Bivens* claims, but allowing him to proceed on state law negligence claims against the United States, which the Court added as a party. Specifically, the Court allowed him to proceed on Counts 3 through 5, which include a claim for conspiracy, a claim for negligence, and a claim for intentional infliction of emotional distress.

3.    On August 10, 2022, the United State filed a Motion for Summary Judgment on the

grounds that plaintiff failed to exhaust his administrative remedies. (Doc. 17). At the same time the United States filed a Rule 56 notice informing plaintiff of the consequences of failing to respond to its Motion for Summary Judgment.  (Doc. 18). Plaintiff failed to respond.

4.     In a different case, the assigned Assistant U.S. Attorney learned that mail the Court sent to plaintiff had been returned to the Court. *See King v. Hill, et al.*, No. 21-1719-JPG (Doc. 11). That prompted assigned counsel to review the federal inmate locator which indicated that plaintiff was no longer at USP-Marion. When counsel inquired with the Bureau of Prisons as to plaintiff's whereabouts, she was informed that plaintiff was released to Florida state officials on September 21, 2022, pursuant to the Interstate Agreement on Detainers, as plaintiff was facing a state murder charge in Florida.

5.     Counsel does not have plaintiff's state location in Florida, and plaintiff never informed the Court of his change of address. At the time the United States filed its Motion for Summary Judgment, plaintiff was still housed at USP-Marion. *See* Ex. A, Inmate History.

6.     Plaintiff failed to respond to the Motion for Summary Judgment filed  August 10, 2022, and also failed to file a notice of his change of address in this case despite the passage of almost four months from his transfer to state custody.

7.  Local Rule 3(b) advises that all petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his location by written notice within seven days. Plaintiff was also advised by the Court on December 17, 2021, that "Petitioner is advised that if his address changes, he must notify the Court within seven days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of this case." (Doc. entry 3).

8.     On April 11, 2022, plaintiff was again advised as follows:

> Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

Doc. 9, pp. 13-14 (Emphasis original).

9.    The Court is under no obligation to give an unrepresented plaintiff who has failed to inform the Court of his change of address warning before dismissing his case for failure to prosecute. *See Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir.1993), cited in *Whitmore v. Godinez*, No. 12-CV-00638-MJR, 2013 WL 5230060, at *1 (S.D. Ill. Sept. 16, 2013).

10.    Because plaintiff failed to file a response to the Motion for Summary Judgment and because he failed to keep the Court and counsel informed of his location after being repeatedly warned, this Court should dismiss the action with prejudice.

11.    The service copy of this motion is being sent to plaintiff at his last known address.

WHEREFORE, the United States requests that this case be dismissed pursuant to Fed. R. Civ. P. 41(b) with prejudice for failure to prosecute

UNITED STATES OF AMERICA

RACHELLE AUD CROWE
United States Attorney

 *s/ Laura J. Jones*
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone:  (618) 628-3700
Fax:  (618) 622-3810
E-mail: Laura.Jones@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Southern District of Illinois and is a person of such age and discretion as to be competent to serve papers.

That on December 8, 2022, she served a copy through her office of the attached

### MOTION TO DISMISS FOR FAILURE TO PROSECUTE

by placing said copy in a postpaid envelope addressed to the person hereinafter named at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at 9 Executive Drive, Fairview Heights, IL 62208.

ADDRESS:

Matthew Alexander King
Reg. No. 17576-104
USP-Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

*s/ Laura J. Jones*
LAURA J. JONES
Assistant United States Attorney

4